# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re* **A.U.**

**No. 22-788** (Clay County CC-08-2022-JA-9)

## MEMORANDUM DECISION

Petitioner Mother A.F.[1] appeals the Circuit Court of Clay County's September 20, 2022, order terminating her parental rights to the child, A.U.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision vacating and remanding the circuit court's order is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In March 2022, the DHHR filed a petition alleging that petitioner, a habitual substance abuser, gave birth to the drug-affected child, A.U. The DHHR further alleged that petitioner previously relinquished her parental rights to her four other children in a prior proceeding that was initiated because of petitioner's substance abuse and failure to provide a suitable home.

The circuit court held a preliminary hearing in March 2022, at which time petitioner did not appear but was represented by counsel. Counsel advised the court that he was unable to reach his client. During the hearing, the court relied upon the service return form to find that "the record reflects that [petitioner] was served by serving a member of her household on March 10, 2022, that being [J.M.]." That form included a checked box certifying that the signator "personally delivered a copy of the Summons and Complaint to the individual's dwelling place or usual place of abode to [J.M.], a member of the individual's family who is above the age of sixteen (16) years and by advising such person of the purpose of the summons and complaint." There was no discussion of J.M.'s identification or relation to petitioner. The court proceeded to adjudication in May 2022. Petitioner was not present but was represented by counsel. The court heard testimony from a

---

[1]Petitioner appears by counsel Kevin W. Hughart. The West Virginia Department of Health and Human Resources ("DHHR") appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Counsel MacKenzie Holdren appears as the child's guardian ad litem.

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

DHHR worker and took judicial notice of the prior abuse and neglect proceedings. At the close of the evidence, the court adjudicated petitioner as an abusing and neglecting parent.

The court then held a dispositional hearing in June 2022, at which time petitioner did not appear but was represented by counsel. Counsel for petitioner indicated he was unable to reach petitioner throughout the proceedings and requested that the record reflect that mail sent to petitioner's provided address had been returned undeliverable. The court stated that the record would so reflect. The DHHR worker then advised that the family case plan had not been filed so the court continued the dispositional hearing to July 2022. Petitioner was not present for the final dispositional hearing in July 2022 but was represented by counsel. The court heard testimony from the DHHR worker who testified that she had not had any contact with petitioner since early March 2022, at which time petitioner informed the worker that she had been "couch surfing." The DHHR worker further stated she had been unable to reach petitioner since that conversation because calls to petitioner's phone number indicated the number was no longer in service. The father, T.U., testified that he had contact with petitioner and asserted that she was aware of the case. At the conclusion of the testimony, the court terminated petitioner's parental rights.[3] Counsel for petitioner again requested that the record reflect that mail sent to petitioner's address had been returned as undeliverable. The court stated that the record would so reflect. It is from the final dispositional order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). We have also held:

> "Where it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W. Va. 390, 686 S.E.2d 41 (2009).

Petitioner argues that the circuit court erred by terminating her parental rights when she was not properly served with the petition. According to petitioner, the circuit court erred in finding that service was appropriate under Rule 4 of the West Virginia Rules of Civil Procedure. At the outset, we must stress that Rule 4 is inapplicable to these proceedings. Rule 81(a)(7) of the Rules of Civil Procedure specifically provides that "Rules 5(b), 5(e) and 80 apply, but the other rules do not apply, to juvenile proceedings brought under the provisions of chapter 49 [§ 49-1-1 et seq.] of the West Virginia Code." Given that Rule 4 does not apply, and the record demonstrates that

---

[3]The circuit court later terminated the father's parental rights. The permanency plan is adoption by the current foster placement.

petitioner was not properly served under the applicable statute, we agree with petitioner that the circuit court erred.

West Virginia Code § 49-4-601(e) governs notice of abuse and neglect proceedings and directs that "[t]he petition and notice of the hearing shall be served upon both parents . . ., giving . . . at least five days' actual notice of a preliminary hearing and at least ten days' notice of any other hearing." When parents cannot be served in person, the statute provides for service by certified mail or, failing that, service by publication. W. Va. Code § 49-4-601(e)(3) and (4). Here, the petition was not served upon petitioner personally, but instead upon an unidentified individual named J.M. The record reflects that mailings to petitioner's provided address were returned undeliverable. Therefore, service by publication should have occurred before moving forward. It is apparent from the record that service was not achieved pursuant to the statute and it was error for the court to proceed in this matter because it did not have jurisdiction to do so. *See In re S.J.*, No. 19-0702, 2020 WL 3172863, at *6 (W. Va. June 15, 2020)(memorandum decision) ("Our case law is clear: a court that enters a judgment where there has been insufficient service of process is without jurisdiction to enter said judgment[.]" (citation omitted)).[4]

For the foregoing reasons, we vacate the circuit court's September 20, 2022, order terminating petitioner's parental rights[5] and all other orders pertaining to petitioner and remand the matter with instructions for the circuit court to proceed consistent with the notice requirements discussed herein once proper service has been achieved. The Clerk is hereby directed to issue the mandate contemporaneously herewith.

Vacated and remanded, with directions.

**ISSUED**: September 21, 2023

**CONCURRED IN BY**:

Chief Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice C. Haley Bunn

---

[4]Petitioner raises a second assignment of error related to the termination of her parental rights without ensuring she had proper notice of the dispositional hearing. However, it is unnecessary to address this assignment of error, given our finding that the circuit court lacked jurisdiction over petitioner as a result of the failure to ensure proper service.

[5]The vacation of the court's September 20, 2022, order and any other orders applies only to the termination of petitioner's parental rights. Any portions of these orders regarding the father remain in full force and effect.

3

**DISSENTING:**

Justice John A. Hutchison

      John A. Hutchison, Justice, dissenting:

      I dissent to the majority's resolution of this case. I would have set this case for oral argument to thoroughly address the error alleged in this appeal. Having reviewed the parties' briefs and the issues raised herein, I believe a formal opinion of this Court was warranted, not a memorandum decision. Accordingly, I respectfully dissent.